■ GEORGE REBH, Respondent-Appellant, et al., Plaintiffs, v LAKE GEORGE VENTURES, INC., et al., Appellants-Respondents. [629 NYS2d 878] —Yesawich Jr., J. Appeals (1) from an order of the Supreme Court (Spain, J.), entered August 10, 1994 in Albany County, which, *inter alia,* granted plaintiffs' motion for partial summary judgment, (2) from the judgment entered thereon, and (3) from an order of said court, entered January 23, 1995 in Albany County, which granted defendants' motion to resettle the prior judgment against all defendants and enter it against defendant Lake George Ventures, Inc. only.

In July 1987, defendants Argonox Realty, Inc., doing business as Galesi Real Estate Group, and Lake George Ventures, Inc. (hereinafter Lake George) hired plaintiffs to sell and market a townhouse development in Warren County. The parties' employment contract, which was apparently drafted by defendants, entitled plaintiffs (George Rebh, Fred Potok and Norman Allen, referred to in the contract as the "sales team") to a basic salary, plus commissions and bonuses based on the number of units sold, and was to expire automatically upon the sale of the last unit in "phase two" of the development project. It could also be terminated at any time if Lake George, in its sole discretion, found plaintiffs' performance to be "substandard", provided plaintiffs were given 30 days' notice and an opportunity to cure.

Almost a year later, Rebh purchased a unit in the develop-

ment and simultaneously entered into a lease agreement with Lake George, pursuant to which the latter agreed to pay Rebh a monthly rental of $900 and related charges on Rebh's unit and to permit Potok, and others of his choosing, to live in the unit. The lease was to remain in force until the parties' employment contract "expires or is adjudicated or declared to be invalid", and it expressly provides that Lake George will continue to make payments thereunder, even if in litigation with Rebh, "until a decision is reached in the Court of First Instance".

By letter dated October 13, 1988, plaintiffs were informed by Lake George's vice-president that, due to the sales team's "incurable sub-standard performance", their services, and the employment agreement, were terminated effective immediately. Plaintiffs thereafter commenced this action to recover damages sustained as a result of defendants' claimed breach of the employment contract; Rebh also seeks rent and other payments allegedly due him under the lease. Defendants answered and interposed counterclaims sounding in breach of contract, conversion and fraud. After issue was joined, Rebh moved to amend the ad damnum clause of the complaint to reflect further damages suffered in the interim, as well as for partial summary judgment on the third cause of action, to the extent that it was based on the lease obligations. Defendants opposed the motion and cross-moved for summary judgment dismissing the complaint and a determination in their favor on the counterclaims.

Supreme Court granted Rebh's motion in its entirety, finding the employment agreement and, implicitly, the lease, to be valid and defendants' lease obligations to be continuing, despite their purported termination of the employment agreement and the ensuing litigation. Defendants appeal from this order, and from the judgment that was entered thereon against all of the named defendants in the amount sought by Rebh under the lease.

Thereafter, defendants moved to resettle the judgment, arguing that it had been improperly entered against all defendants given that Lake George alone was a party to the lease. In opposition, plaintiffs contended both that resettlement was not a proper mechanism for effecting the change in the judgment sought by defendants and, on the merits, that Supreme Court correctly held all of the defendants responsible for the lease payments. Supreme Court granted the relief sought, vacating the judgment against all of defendants except Lake George, and Rebh appeals from that order.

The lease itself, coupled with Rebh's averments—which are

not disputed—that he has not received the moneys due him in accordance with its terms, establish, prima facie, his right to recover thereunder. Defendants have not countered this showing, either by submitting proof that the employment contract has expired or by demonstrating that Rebh is no longer entitled to payments called for therein, as a result of a court decision declaring that the agreement is invalid or was effectively terminated. Rather, defendants maintain that the lease is void, or should not be enforced as written, because it violates the rule against perpetuities, imposes an unreasonable restraint on alienation, is unconscionable or results in Rebh's unjust enrichment. None of these arguments is persuasive.

The rule against perpetuities (*see*, EPTL 9-1.1) is not violated for the lease's term is explicitly measured by the employment contract (*cf.*, *Sbarra v Totolis*, 191 AD2d 867, 870), which will terminate, at the latest, upon the death of the last of the three plaintiffs (*see*, *Ostrager v Alpert*, 177 AD2d 287, 287-288; *Minevitch v Puleo*, 9 AD2d 285, 287), each of whom is a life in being. Nor does the fact that the lease permits only Potok and his designees to reside in the unit constitute an unreasonable restraint on Lake George's right to assign their leasehold interest. The reasonableness of that restraint depends upon its duration and purpose (*see*, *Metropolitan Transp. Auth. v Bruken Realty Corp.*, 67 NY2d 156, 161-162). The limitation here, which is narrowly tailored to serve the purpose for which the leasehold was originally created—to provide the sales team with housing during the term of the employment contract— and will, by definition, last only as long as that contract remains viable, cannot be said to be unreasonable (*see*, *Herrington v Herrington*, 81 AD2d 679, *affd* 56 NY2d 580).

And, inasmuch as the documents at issue were drafted by defendants, sophisticated real estate developers who received the benefits (Rebh's purchase of the townhouse and the sales team's increased availability on the site prior to October 1988) for which they had bargained, we are not inclined to conclude that they should be permitted to avoid the obligations to which they agreed on grounds of unconscionability (*see*, *Matter of State of New York v Avco Fin. Serv.*, 50 NY2d 383, 389-390; *Rowe v Great Atl. & Pac. Tea Co.*, 46 NY2d 62, 68) or unjust enrichment (*see*, *Gargiulo v Oppenheim*, 63 NY2d 843, 846). In sum, the lease is enforceable according to its clear terms, and Rebh is entitled to the amounts awarded by Supreme Court.

As for defendants' suggestion that they should have been awarded summary judgment on their counterclaims, the record, as it stands, is replete with factual questions bearing on

the issues raised therein, precluding such relief at this juncture (*see, e.g., Rogovin v Bach Realty*, 147 AD2d 364, 365-366; *Gerstein v 532 Broad Hollow Rd. Co.*, 75 AD2d 292, 296-297).

Also unconvincing is Rebh's contention that Supreme Court erred in vacating the judgment against all defendants except Lake George. While this change was, as Rebh points out, a substantive departure from the court's original disposition of the motion, and thus not the proper subject of a motion for resettlement (*see, Berg v Dimson*, 151 AD2d 362, 364, *lv denied* 75 NY2d 703; *Breslow v Solomon*, 105 AD2d 824), the motion at issue, though termed one to resettle, was in reality one to reargue, the granting of which was fully justified. The thrust of defendants' motion was that Supreme Court misapprehended that Lake George was the only defendant that was a party to the lease agreement. Lamentably, defendants' papers did not focus on this point, presumably because of their apparent belief—not unreasonable in light of Rebh's moving papers, which refer to "a *continuing* obligation on behalf of Defendant Lake George Ventures, Inc. to make payments under the terms of this lease agreement" (emphasis in original), and explicitly seek "summary judgment against *Defendant*" (emphasis supplied)—that Rebh sought partial summary judgment against Lake George only. Moreover, the motion to "resettle" was made before defendants' time to appeal from the original order had elapsed and on notice to Rebh, who responded fully to the substantive arguments made therein (*cf., Foley v Roche*, 68 AD2d 558, 567-568). Accordingly, Supreme Court did not abuse its discretion in granting the relief defendants requested.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the orders and judgment are affirmed, without costs.