(August 17, 1995)

■ DAVID J. HANSON, Appellant, v CAPITAL DISTRICT SPORTS, INC., Respondents. [630 NYS2d 429] —Mercure, J. Appeal from an order of the Supreme Court (Dier, J.), entered April 15, 1994 in Warren County, which denied plaintiff's motion for, *inter alia*, summary judgment and granted defendant's cross motion for leave to serve an amended answer.

On April 30, 1991, defendant, then sponsor of the Capital District Islanders, an American Hockey League franchise, entered into a five-year employment contract defining plaintiff's responsibilities and compensation as the team's executive vice-president and general manager. Following the 1992-1993 season, defendant changed its franchise to the Albany River Rats in the New Jersey Devils organization and shortly thereafter terminated plaintiff's services, effective September 30, 1993.

Plaintiff commenced this action in November 1993, primarily alleging defendant's failure to comply with the following provision of the employment contract: "[Defendant] shall have the right to terminate the employment of [plaintiff] 'for cause', provided, however, prior to such termination [defendant] shall notify [plaintiff] in writing of the details and events constituting such cause and upon the receipt of such notice [plaintiff] shall have seven (7) days in which to cure such cause or, if it is not reasonably possible to cure such cause within seven (7) days, to commence to cure such cause within seven (7) days and thereafter to diligently continue to cure such cause. * * * As used herein, the term 'for cause' shall be limited solely to [plaintiff's] neglect or refusal to perform his duties hereunder, other than by reason of disability." Following joinder of issue, plaintiff moved for summary judgment for the relief demanded in the first, second and third causes of action of the complaint (based upon contract provisions requiring defendant to pay salary and vacation benefits and to make an escrow deposit of $68,900 as security for the payment of salary) and for partial summary judgment on the issue of liability on the fifth, sixth and seventh causes of action (based upon contract provisions requiring defendant to furnish health, life and disability insurance coverage). Defendant cross-moved for leave to serve an amended answer. Citing the absence of discovery and "the lack of untainted proof submitted by plaintiff in support of his claim" and concluding that questions of fact existed as to whether there was just cause for plaintiff's termination, whether plaintiff was given adequate notice and an opportunity to cure the cause, and whether plaintiff waived or is estopped from asserting his rights under the contract, Supreme Court denied the motion and granted the cross motion. Plaintiff appeals.

We reverse. Initially, we conclude that plaintiff's affidavit in support of the motion, evidencing the fact of his discharge and defendant's failure to provide written notice of the details and events constituting cause therefor or any opportunity to cure such cause, satisfied his initial burden of making a prima facie showing of entitlement to judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). Because there is no question that defendant's knowledge of the underlying facts and means of access to relevant evidence were equal, if not superior, to plaintiff's, we are not persuaded by defendant's effort to fit this within the holding of *Koen v Carl Co.* (70 AD2d 695) or the provision of CPLR 3212 (f).

Nor are we persuaded that defendant met its burden of op-

posing plaintiff's prima facie showing with evidentiary proof in admissible form sufficient to require a trial of material facts on which it rests its claim or an acceptable excuse for its failure to do so (see, Zuckerman v City of New York, 49 NY2d 557, 562). A review of the evidence submitted in opposition to the motion leaves no question that defendant failed to comply with the requirement of the parties' written employment contract that plaintiff not be discharged without cause or discharged for cause without advance written notice of "the details and events constituting such cause" and a seven-day period within which to cure or commence to cure such cause. In an effort to escape the dire consequences of this failure, defendant has premised its case upon conclusory and self-serving allegations to the effect that (1) defendant was not satisfied with plaintiff's work performance, (2) plaintiff was surely aware of that fact and the reasons therefor, (3) in many cases, plaintiff did not avail himself of all of the benefits afforded him by the employment contract, and (4) plaintiff never advised defendant of his right to written notice and an opportunity to cure the cause for his discharge or insisted upon defendant's compliance with that provision of the contract. In our view, none of these contentions, even if supported by prima facie evidence, suffice to defeat plaintiff's motion.

First, it is immaterial whether there was "cause" for plaintiff's discharge. If there was no cause, defendant had no right to discharge plaintiff. If there was cause, plaintiff could not be discharged absent compliance with the relevant provisions of the employment contract. In view of defendant's demonstrated noncompliance, in either case, the discharge would be ineffective and plaintiff would be entitled to the relief demanded in the complaint. Second, we are not in any event persuaded that defendant has made a prima facie showing of cause to discharge plaintiff. Significantly, substantially all of the occurrences of plaintiff's supposed nonfeasance took place during the months of July and August 1993. Under the specific terms of the parties' contract, "[plaintiff] shall not be required to render any services to [defendant] during * * * the months of July and August". Third, defendant has provided no persuasive authority for its position that a failure to require strict adherence to all contract provisions effects a waiver of these or other benefits under the agreement. Although an unexplained delay in enforcing a contract may constitute evidence of waiver and acquiescence (see, 22 NY Jur 2d, Contracts, § 330, at 214), because plaintiff's termination was ineffective until defendant fulfilled the contractual condition precedent, plaintiff had no reason to insist upon defendant's written

notification of the cause for his dismissal and opportunity for cure.

In view of the foregoing, we shall grant partial summary judgment on the issue of liability with regard to plaintiff's first, second, third, fifth, sixth and seventh causes of action. On this record, we are unable to assess the appropriate measure of damages.

Cardona, P. J., Mikoll and Casey, JJ., concur.

Peters, J. (dissenting). I respectfully dissent.

The record herein adequately raises a triable issue concerning whether plaintiff's actions during the term of the contract constituted a waiver of those provisions now sought to be enforced. Accordingly, due to the potential viability of this defense and the need for further discovery thereon, summary judgment should not be awarded (*see, BIB Constr. Co. v City of Poughkeepsie*, 204 AD2d 947). Ordered that the order is reversed, on the law, with costs, cross motion denied and motion granted to the extent that plaintiff is awarded partial summary judgment on the issue of liability on the first, second, third, fifth, sixth and seventh causes of action in the complaint.