■ GEORGE REBH, Plaintiff, and FRED POTOK et al., Respondents, v LAKE GEORGE VENTURES, INC. et al., Appellants. [636 NYS2d 504] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Spain, J.), entered January 30, 1995 in Albany County, which granted a motion by plaintiffs Fred Potok and Norman Allen for partial summary judgment on the issue of liability.

A more detailed recitation of the facts underlying this litigation can be found in a recent decision of this Court (218 AD2d 829). Briefly stated, plaintiffs were hired by defendants Argonox Realty, Inc., doing business as Galesi Real Estate Group, and Lake George Ventures, Inc. (hereinafter Lake George) pursuant to an employment contract dated July 16, 1987, to serve as a "sales team" in connection with the marketing of a townhouse development in Warren County. The agreement was to remain in effect until the sale of the last unit in "phase two" of the project. However, the contract could also be terminated at any time if Lake George, in its sole discretion, found plaintiffs' performance to be "substandard", provided plaintiffs were given 30 days' notice and an opportunity to cure. Thereafter, in a letter dated October 13, 1988, Lake George's vice-president informed plaintiffs that their employment was terminated, effective immediately, due to their "incurable substandard performance".

Plaintiffs subsequently commenced this action alleging, among other things, breach of contract based on the fact that they were terminated in violation of the 30-day cure period. Defendants answered, asserting counterclaims sounding in breach of contract, conversion and fraud. Following joinder of issue, plaintiffs Norman Allen and Fred Potok (hereinafter collectively referred to as plaintiffs) moved for, *inter alia*, partial summary judgment on the issue of liability. Supreme Court granted plaintiffs' motion and this appeal by defendants ensued.

Initially, we find that Supreme Court correctly ruled that defendants failed to overcome plaintiffs' proof establishing that the unambiguous termination clause in the agreement that defendants drafted (*see*, 218 AD2d 829, 831, *supra*), which dictated the procedure to be followed before plaintiffs could be terminated for substandard job performance, was breached (*see*, *Hanson v Capital Dist. Sports*, 218 AD2d 909, 911-912). In opposition to plaintiffs' motion, defendants argued that

plaintiffs may not recover the compensation they seek because they were not, at the pertinent times, licensed as real estate brokers in New York (*see*, Real Property Law § 442-d); that the employment agreement is void or voidable, having been induced by plaintiffs' fraudulent misrepresentations; that plaintiffs' own breach of the agreement bars them from recovering thereunder; and that the failure to allow a 30-day cure period was not a material breach in this instance.

The first two of these arguments, not having been briefed on appeal, are deemed abandoned (*see*, *Shepherd v Whispering Pines*, 188 AD2d 786, 790). And, while defendants do continue to urge that plaintiffs' breach precludes their recovery and that their own breach if any, was not material, those arguments are unconvincing. Significantly, the conduct which, in defendants' view, constituted a breach, consists primarily of plaintiffs' allegedly "substandard" performance, the very situation to which the cure provision was intended to apply. Given these circumstances, defendants' failure to meet their contractual obligations cannot be considered immaterial (*cf.*, *Hanson v Capital Dist. Sports*, *supra*).

Nevertheless, although defendants failed to raise this issue before Supreme Court, we agree that since the employment agreement appears to only involve Lake George and Argonox Realty, no basis has been established for imposing liability upon the other defendants, and the order must be modified accordingly.

Cardona, P. J., Mikoll, Crew III and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion for partial summary judgment against any defendants other than defendants Lake George Ventures, Inc. and Argonox Realty, Inc.; motion denied to that extent; and, as so modified, affirmed.