◼ LISA J. PEARCE, Appellant, v CLINTON COMMUNITY COLLEGE, Respondent. [667 NYS2d 781] —Peters, J. Appeal from an order of the Supreme Court (Dawson, J.), entered June 6, 1997 in Clinton County, which, *inter alia*, denied plaintiff's motion for partial summary judgment.

Upon signing and returning to defendant a letter offering employment dated October 18, 1995, plaintiff was appointed to the position of assistant bursar "for the period beginning October 18, 1995, through August 31, 1996 at an annual salary of $23,000 prorated for this period". Although such letter detailed various health care benefits, nothing further was specified with respect to the terms or conditions of either employment or termination.

Upon her commencement of employment, plaintiff was provided with the "Policy and Procedure Manual", which was periodically updated by defendant. Therein, it details that defendant "generally endorses progressive discipline as a reasonable and fair procedure to be followed in taking disciplinary ac-

tion" and that for this position, falling within the category of "management confidential personnel", employees "may" receive annual performance reviews. While the appointment is for a specified period and that upon a determination not to reappoint, reasons *may* be detailed "at the time of such notification", nothing therein delineated a policy with respect to a termination for cause prior to the completion of an appointed term.

Four months after plaintiff's appointment, she was terminated. She filed for and received unemployment insurance benefits upon a determination that she "was discharged for incompetence and failure to meet the standards of her payroll specialist position". Plaintiff thereafter commenced this action alleging wrongful termination and breach of contract. After joinder and discovery, she made a motion for partial summary judgment which Supreme Court denied. Plaintiff appeals.

Our review of the record reveals that the instant offer of employment, signed and dated by plaintiff pursuant to defendant's instructions, was sufficiently specific to constitute a contract between these parties (*see generally*, *Rebh v Lake George Ventures*, 223 AD2d 986; *Hanson v Capital Dist. Sports*, 218 AD2d 909). However, we do not agree that the terms and conditions of the employee manual, which by itself does not detail a procedure for a termination for cause, should be engrafted upon this contract (*see*, *Murphy v American Home Prods. Corp.*, 58 NY2d 293; *see also*, *Sabetay v Sterling Drug*, 69 NY2d 329; *cf.*, *Rebh v Lake George Ventures*, *supra*; *Hanson v Capital Dist. Sports*, *supra*). "It is only where a plaintiff can establish the existence of an express written agreement limiting the employer's right of termination, that the principles governing employment at will are inapplicable" (*Feeney v Marine Midland Banks*, 180 AD2d 477, 478, *lv denied* 80 NY2d 753; *see*, *Weiner v McGraw-Hill*, *Inc.*, 57 NY2d 458). Plaintiff here having failed to so establish, Supreme Court's order denying her motion for partial summary judgment is affirmed.

Mikoll, J. P., Crew III, White and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.