■ MARY J. KANE, Plaintiff, and JOHN B. KANE, Appellant, v STEPHEN P. KANE et al., Respondents. [673 NYS2d 310] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about March 7, 1997, *inter alia*, denying plaintiffs' motion for summary judgment directing the partition and sale of the subject property, unanimously affirmed, without costs.

The parties' "so ordered" stipulation of settlement resolved the disputes alleged in the original complaint for partition, and, as such, is tantamount to an agreement not to seek partition based on those same allegations (*see, Ostrager v Alpert,* 177 AD2d 287). Accordingly, since plaintiffs have failed to present any ground that would warrant setting aside the stipulation of settlement (*see, Hallock v State of New York,* 64 NY2d 224, 230; *1420 Concourse Corp. v Cruz,* 135 AD2d 371, 372, *appeal dismissed* 73 NY2d 868), their motion for summary judgment, seeking partition of the subject property upon the same allegations as had been made in the original action for partition, was properly denied. Plaintiff John Kane's claim that the term of the lease countenanced pursuant to the stipulation constitutes an unreasonable restraint on alienation of property, and is a ground for vacating the stipulation, is without merit. Apart from the circumstance that he and his mother negotiated the lease term, the lease term itself is not unreasonable (*Ostrager v Alpert, supra*). Nothing in this decision is intended to preclude a partition action by any party in the future on grounds other than those alleged in the present complaint. Concur—Rosenberger, J. P., Ellerin, Nardelli and Wallach, JJ.