■ JEFF J. PITCHER et al., Doing Business as SPIEDIE SHACK, Respondents-Appellants, v BENDERSON-WAINBERG ASSOCIATES II, LIMITED PARTNERSHIP, Appellant-Respondent. [715 NYS2d 104] —Carpinello, J. Cross appeals from an order of the Supreme Court (Dawson, J.), entered July 26, 1999 in Clinton County, which, inter alia, partially granted plaintiffs' motion for summary judgment.

By lease dated November 30, 1995, plaintiffs, as tenants, and defendant, as landlord, entered into a 5½-year lease for approximately 1,500 square feet of commercial space in which plaintiffs intended to operate a sandwich shop in defendant's shopping center located in Clinton County. Apparently, the shop did not actually open for business until March 1, 1996. Notwithstanding plaintiffs' best efforts as restauranteurs, which required them to work an average of 80 to 100 hours a week, the business did not generate sufficient profits for them to receive any income. Accordingly, in September 1996 and October 1996 plaintiffs' counsel wrote to defendant and its counsel, respectively, seeking a negotiated termination of the lease and advising that plaintiffs "must cease operations by November 1."

After these efforts at compromise were rejected by defendant, plaintiffs advertised their restaurant equipment and supplies for sale both in the local newspaper and on signs posted in the shop windows. By October 30, 1996, the business was

closed and considerable equipment, including the soda equipment, the menu sign, tables, chairs and the cash register, as well as all perishable food, had been removed from the premises or sold. The phone had also been disconnected. As a result, on that date, defendant's representative changed the locks on the premises. Plaintiffs subsequently filed suit claiming wrongful eviction and seeking money damages for, *inter alia*, the value of leasehold improvements and equipment left on the premises and allegedly converted by defendant after the lockout. Defendant answered and counterclaimed for rent due for the remainder of the lease term. At issue on this appeal is Supreme Court's order granting plaintiffs partial relief on their motion for summary judgment and denying defendant's cross motion for summary judgment. Both sides appeal.

Our analysis begins with the question of whether the doctrine of anticipatory breach can be applied under the circumstances of this case. Defendant argues that plaintiffs' conduct constituted an anticipatory breach of the lease justifying the lockout. Plaintiffs counter that this doctrine "does not apply to executed leases," a position adopted by Supreme Court based on its construction of the Court of Appeals decision in *Long Is. R. R. Co. v Northville Indus. Corp.* (41 NY2d 455). Unlike Supreme Court, we do not read that case as barring the doctrine's application to the lease at hand. More specifically, we disagree with Supreme Court's conclusion that by delivering the premises to plaintiffs, defendant had "fully performed" its obligations under the lease and therefore the parties did not have mutually interdependent obligations as required for application of the doctrine.

To the contrary, the subject lease imposed continuing obligations on defendant beyond simply making the premises available to plaintiffs at the beginning of the lease term, including continuing obligations on defendant's part to repair the structural components of the building and to maintain the common areas of the shopping center, obligations clearly interdependent with plaintiffs' obligations to operate the business for which the premises had been leased consistent with defendant's plans for a fully integrated retail shopping center. Thus, we find that the lease did in fact contain the requisite mutually interdependent contractual obligations such that the doctrine of anticipatory breach should not have been rejected as a matter of law. Since the effect of an anticipatory breach by one party to a contract is the discharge of the other party from its legal obligations (*see, id.,* at 463; 13 Lord, Williston on Contracts § 39:37, at 663 [4th ed]; 22A NY Jur 2d, Contracts,

§ 450, at 137-138), and because the record reveals that plaintiffs' conduct indicated an "unequivocal intent to forego performance of [their] obligations under [the] contract" (*Rachmani Corp. v 9 E. 96th St. Apt. Corp.*, 211 AD2d 262, 266), Supreme Court erred in granting plaintiffs' motion for summary judgment on their first and third causes of action and in dismissing defendant's counterclaim. Plaintiffs' wrongful eviction cause of action should have been dismissed and defendant's cross motion granted, noting, however, that a hearing on damages is nevertheless warranted.

Cardona, P. J., Crew III, Spain and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' motion for summary judgment on their first and third causes of action and as denied defendant's cross motion for summary judgment on its counterclaim; plaintiffs' motion denied and defendant's cross motion granted to the extent stated, and matter remitted to the Supreme Court for a determination of damages to be awarded on said counterclaim; and, as so modified, affirmed.