█ Morton E. Kalus, Jr., Respondent, v Prime Care Physicians, P.C., et al., Appellants. [799 NYS2d 115]—

In an action to recover damages for breach of an employment agreement, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated November 19, 2004, as denied that branch of their motion which was for summary judgment dismissing the complaint and granted the plaintiff's cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

Pursuant to an employment agreement, the plaintiff agreed to perform services as a cardiologist for a term of one year, "unless earlier terminated in accordance with Paragraph 4" of the agreement. Paragraph 4 of the employment agreement provided that the plaintiff's employment could be terminated, without cause, by giving him written notice of termination at least 120 days prior to the effective date of the termination specified in the notice.

Paragraph 4 further stated that the plaintiff's employment

could be terminated for cause, upon, inter alia, a determination that the plaintiff "failed to follow accepted community standards of professional conduct within [the plaintiff's] specialty in providing medical care and/or treatment to patients, in supervising assistants or in utilizing available resources," or upon the plaintiff's willful failure "to comply with reasonable directives . . . or the policies, standards and regulations" applicable to all employees. Termination for cause for the above-stated reasons could "occur only after the Employer has given [the plaintiff] written notice of the failure or breach by [the plaintiff] constituting cause and [the plaintiff] fails to fully correct said failure or breach to the reasonable satisfaction of the Employer within thirty (30) days, or in the event such failure or breach cannot be reasonably be cured [sic] within said thirty (30) day period, [the plaintiff] fails to undertake steps to cure such failure or breach within the thirty (30) day period and diligently pursue said cure to completion thereafter."

By letter dated January 22, 2004, the plaintiff was notified that he was terminated for cause, effective immediately, for his failure to cure certain deficiencies which had been complained of in a performance review dated October 15, 2003. The plaintiff brought this action alleging that the defendants breached the employment agreement by terminating his employment immediately, without giving him 30 days to cure, as required by the employment agreement. The defendants moved, inter alia, for summary judgment dismissing the complaint, asserting that the October 15, 2003, performance review which was given to the plaintiff satisfied the requirement that the plaintiff be given written notice of his failure or breach constituting cause and 30 days to cure said failure or breach. The plaintiff cross-moved for summary judgment on the issue of liability, arguing that the defendants failed to comply with the provision of the employment agreement concerning termination for cause.

We agree with the Supreme Court that the October 15, 2003, performance review did not satisfy the requirements in the employment agreement that the plaintiff be given written notice of the failure or breach constituting cause and 30 days to cure it. While the performance review set forth some problems with the plaintiff's job performance, it never identified them as failures or breaches constituting cause under the employment agreement and did not state that the plaintiff had 30 days to cure them.

"[T]he fundamental objective when interpreting a written contract is to determine the intention of the parties as derived from the language employed in the contract" (*Abiele Contr. v*

*New York City School Constr. Auth.*, 91 NY2d 1, 9 [1997]). Based on the language employed by the parties, we can only conclude that the termination for cause provision was intended to put the employee on notice, in writing, of the conduct considered by the employer to be in breach of the employment agreement, and give the employee 30 days in which to cure such breach. The October 15, 2003, performance review failed to fulfill these purposes. Therefore, the plaintiff was properly awarded summary judgment on the issue of liability on his cause of action alleging breach of the employment agreement (*see Hanson v Capital Dist. Sports*, 218 AD2d 909, 911 [1995]).

Based on the conclusion that the defendants breached the termination for cause provision of the employment agreement, it is irrelevant whether the defendants did, in fact, have the requisite cause to terminate the plaintiff's employment (*see Scudder v Jack Hall Plumbing & Heating*, 302 AD2d 848, 850-851 [2003]; *Hanson v Capital Dist. Sports, supra*).

The defendants' remaining contentions are without merit. Ritter, J.P., Goldstein, Luciano and Crane, JJ., concur.