**John NEEDHAM, Plaintiff–Appellant,**

v.

**CANDIE'S, INC., Defendant–Appellee.**

**Docket No. 02–9085.**

United States Court of Appeals,
Second Circuit.

April 22, 2003.

Elliot Polland, Lifshutz, Polland & Hoffman, P.C., New York, NY, for Plaintiff–Appellant.

Leonard D. Steinman, Blank Rome LLP, New York, NY, for Defendant–Appellee.

PRESENT: JACOBS, STRAUB, Circuit Judges, and CARMAN, Chief Judge.*

### *SUMMARY ORDER*

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES

---

* The Honorable Gregory W. Carman, Chief Judge of the United States Court of International Trade, sitting by designation.

OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 22nd day of April, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be **AFFIRMED**.

John Needham appeals from an order of the United States District Court for the Southern District of New York (Swain, *J.*) dismissing his claims against his employer, Candies, Inc., for breach of an employment agreement on summary judgment. We affirm for substantially the reasons given by the district court. *See Needham v. Candies, Inc.*, No. 01 Civ. 7184(LTS), 2002 WL 1896892 (S.D.N.Y. August 16, 2002).

Needham argues that the proposed demotion in pay and job responsibilities evidenced anticipatory breach, *i.e.* Candies' "unequivocal intent to forego performance of [its] obligations under the [employment agreement]." *See Pitcher v. Benderson–Wainberg Assoc. II Ltd. P'ship*, 277 A.D.2d 586, 715 N.Y.S.2d 104, 106 (3d Dep't 2000) (citation omitted). But though Needham adduced evidence that Candies proposed to diminish his title, duties and compensation, it was no breach for Candies to make that offer, and there is no evidence that Candies said it would follow through and alter arrangements then and there, prior to the January 24 date on which the existing contract would end if Candies gave notice by the preceding October 24. If there was confusion, the opportunity-to-cure clause afforded the way to clarify—an opportunity that Needham concededly did not give—that was in short "the very situation to which the cure provision was intended to apply." *See Rebh v.*

*Lake George Ventures, Inc.,* 223 A.D.2d 986, 636 N.Y.S.2d 504, 505 (3d Dep't 1996). Nothing else in the record indicates that Candies conditioned future performance of its contractual obligations on Needham's acceptance of its proposal. *See REA Express, Inc. v. Interway Corp.*, 538 F.2d 953, 954–55 (2d Cir.1976); *Wolff & Munier, Inc. v. Whiting–Turner Contracting Co.*, 946 F.2d 1003, 1009 (2d Cir.1991).

Because Needham failed to abide by his notice and cure obligations, he forfeited his contractual right to receive the severance package he seeks, and the district court properly granted summary judgment dismissing his claims.