Gonzalez, P.J., Friedman, Moskowitz, Renwick and Freedman, JJ.

■ GABRIEL FISCHBARG, Respondent, v SUZANNE DOUCET et al., Appellants. [883 NYS2d 25]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered July 16, 2008, which, to the extent appealed from as limited by the brief, denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's failure to provide defendants with a writing identifying the method by which the contingency fee was to be determined and how expenses were to be paid, in violation of former Code of Professional Responsibility DR 2-106 (d) (22 NYCRR 1200.11 [d]) (now Rules of Professional Conduct rule 1.5 [c] [22 NYCRR 1200.5 (c)]), does not preclude his recovery for services rendered on a quantum meruit basis (*see Matter of Santemma v Chasco Co.*, 242 AD2d 273 [1997]). Issues of fact as to plaintiff's right to recovery are raised by the parties' dispute over whether his resignation was justified and whether there existed cause for defendants to discharge him (*see Klein v Eubank*, 87 NY2d 459, 464 [1996]; *Shalom Toy v Each & Every One of Members of N.Y. Prop. Ins. Underwriting Assn.*, 239 AD2d 196, 198 [1997]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Friedman, Moskowitz, Renwick and Freedman, JJ. [*See* 2008 NY Slip Op 31979(U).]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL DEAN, Appellant. [881 NYS2d 359]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Michael Obus, J.), rendered on or about March 6, 2008, and said appeal having been argued by counsel for the respective parties; and due deliberation having been had thereon, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Gonzalez, P.J., Friedman, Moskowitz, Renwick and Freedman, JJ.

■ MNY 260 PARK AVENUE SOUTH, LLC, et al., Respondents, v MAX 260 PARK AVENUE SOUTH, LLC, Appellant, et al., Defendants. [882 NYS2d 90]—Order, Supreme Court, New York County (Bernard J. Fried, J.), entered November 13, 2008, which, to the extent appealed from as limited by the briefs,

denied defendant Max 260 Park Avenue South, LLC's motion for summary judgment on its third and fourth cause of action only with respect to the December capital call, and granted plaintiffs' motion for summary judgment on the same issue, unanimously affirmed, with costs.

The court correctly found that the moving defendant failed to make its initial prima facie showing that plaintiffs' interests were properly diluted. Plaintiffs demonstrated that dilution was improper because there was no adherence to the requirements set forth in defendant's limited liability corporation agreement regarding the qualifications of a "Funding Member" (*see Hanson v Capital Dist. Sports*, 218 AD2d 909, 911 [1995]), and defendant failed to overcome that demonstration (*see Domaradzki v Glen Cove Ob/Gyn Assoc.*, 242 AD2d 282 [1997]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Friedman, Moskowitz, Renwick and Freedman, JJ.