■ THE LANSCO CORPORATION, Appellant, v 83 WOOSTER LLC, Respondent. [987 NYS2d 142]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered December 9, 2013, which, inter alia, denied plaintiff real estate broker's motion for summary judgment awarding it the balance of its commission and attorneys' fees and dismissing defendant landlord's counterclaims and affirmative defenses, unanimously affirmed, with costs.

Whether the landlord's acceptance of the tenant's surrender frustrated performance of the condition requiring the tenant to be in possession on the date the commission installment was due is a disputed issue of fact (*see HGCD Retail Servs., LLC v 44-45 Broadway Realty Co.*, 37 AD3d 43, 53 [1st Dept 2006]). In addition, there is an issue of fact as to whether the landlord was entitled to rely on the condition that there be no rent default by the tenant when the commission was due. While the tenant's repudiation prior to the rent due date would be a default as a matter of law (*see generally American List Corp. v U.S. News &*

*World Report*, 75 NY2d 38, 44 [1989] [repudiation generally]; *Pitcher v Benderson-Wainberg Assoc. II, Ltd. Partnership*, 277 AD2d 586 [3d Dept 2000], *lv dismissed* 96 NY2d 792 [2001] [doctrine of anticipatory breach applies to continuing obligations under lease]), it is unclear under the circumstances whether the tenant's attorney's representations regarding the January 2013 rent constituted a repudiation.

There were issues of fact precluding summary dismissal of the counterclaim alleging that plaintiffs assisted the tenant in breaking the sublease.

At this juncture, neither side was entitled to attorneys' fees. Concur—Friedman, J.P., Acosta, Saxe, Feinman and Gische, JJ.