■ HUGO FERNANDEZ, Appellant, v SARA RUTMAN, Respondent. [990 NYS2d 845]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated May 24, 2013, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant owned a home in Brooklyn that sustained water damage in the basement. Serv Pro, also known as Service Alliance, Inc. (hereinafter Serv Pro), was hired to provide flood remediation services to the property. The plaintiff, a Serv Pro employee, was removing damaged carpeting and other debris from the basement, and was working together with his "boss," whom he knew only as David. Upon their arrival to her home, the defendant warned the plaintiff's supervisor that there was a sewer trap in the floor of her basement, which was concealed by a rug and covered by a couch. The plaintiff testified at his deposition that his boss warned him that there was a hole. Despite those warnings, the plaintiff contended that he did not know the location of the sewer trap and that he fell into it and allegedly sustained certain injuries as a result. He then commenced this personal injury action, alleging negligence.

A property owner must act as a reasonable person in maintaining his or her property in a reasonably safe condition in view of all the attendant circumstances (*see Basso v Miller*, 40 NY2d 233, 241 [1976]). Encompassed within this duty is the concomitant duty to warn those lawfully on the premises of potentially dangerous conditions that are not readily observable (*see Martino v Stolzman*, 18 NY3d 905, 908 [2012]; *Galindo v Town of Clarkstown*, 2 NY3d 633, 636 [2004]; *Doyle v State of New York*, 271 AD2d 394, 395-396 [2000]). Landowners who have or should have reason to expect that persons will find it necessary to encounter the danger, owe a duty of reasonable care to either warn such persons of the danger or to take other reasonable steps to protect them from it (*see Galindo v Town of Clarkstown*, 2 NY3d at 636; *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519 [1980]).

Here, the defendant established, prima facie, that she exercised reasonable care in warning the workers that there was a hidden danger (*see Rivero v Spillane Enters., Corp.*, 95 AD3d 984, 985 [2012]). Since, in opposition, the plaintiff failed to raise a triable issue of fact, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. Skelos, J.P., Chambers, Duffy and LaSalle, JJ., concur.