■ Judy Guzman, Appellant, v State of New York, Respondent. [10 NYS3d 598]—

In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Mignano, J.), dated February 28, 2013, which, upon a decision of the same court dated January 30, 2013, made after a nonjury trial on the issue of liability, is in favor of the defendant and against her dismissing the claim.

Ordered that the judgment is affirmed, with costs.

The claimant allegedly sustained personal injuries when the glass in a window at the Taconic Correctional Facility (hereinafter the facility), which was owned and operated by the State of New York, "popped," causing her hand to go "through the window." At a nonjury trial on the issue of liability, the claimant conceded that the window was not defective. The Court of Claims determined after the trial, in effect, that the State did not have a duty to warn the claimant and other inmates not to touch the window, because the window did not constitute a dangerous condition. Judgment was entered in favor of the State and against the claimant, dismissing the claim. The claimant appeals from the judgment. We affirm.

"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court,

and this Court may render the judgment it finds 'warranted by the facts,' bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony" (*DePaula v State of New York*, 82 AD3d 827, 827 [2011], quoting *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see Jones v State of New York*, 124 AD3d 599, 600 [2015]).

As a landowner, the State has a duty to maintain its property in a reasonably safe condition (*see Basso v Miller*, 40 NY2d 233, 240-241 [1976]; *Quintanilla v State of New York*, 94 AD3d 846, 847 [2012]; *Clairmont v State of New York*, 277 AD2d 767, 768 [2000]; *Bowers v State of New York*, 241 AD2d 760, 760 [1997]). "[A] landowner's duty to warn of a latent, dangerous condition on [its] property is a natural counterpart to [its] duty to maintain [its] property in a reasonably safe condition" (*Martino v Stolzman*, 18 NY3d 905, 908 [2012] [internal quotation marks omitted]; *see Fernandez v Rutman*, 120 AD3d 545, 546 [2014]; *Doyle v State of New York*, 271 AD2d 394, 395 [2000]). "A landowner has no duty to warn of conditions that are not inherently dangerous and that are readily observable by the reasonable use of one's senses" (*LaPera v Montana*, 124 AD3d 844, 845 [2015]; *see Kaufmann v Lerner N.Y., Inc.*, 41 AD3d 660, 660-661 [2007]; *Cupo v Karfunkel*, 1 AD3d 48, 51-52 [2003]).

Here, the determination of the Court of Claims after the nonjury trial that the State did not have a duty to warn the claimant and other inmates not to touch the window was warranted by the facts. The claimant failed to establish that the concededly nondefective window constituted a latent, dangerous condition (*see generally Martino v Stolzman*, 18 NY3d at 908; *Clairmont v State of New York*, 277 AD2d at 768-769).

The claimant's remaining contention is without merit.

Accordingly, the determination of the Court of Claims that the State was not liable for the claimant's injuries will not be disturbed. Hall, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.