Abramowitz v Lefkowicz & Gottfried, LLP (2018 NY Slip Op 02589)





Abramowitz v Lefkowicz & Gottfried, LLP


2018 NY Slip Op 02589


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2016-10250
 (Index No. 15385/11)

[*1]Darryl Abramowitz, et al., plaintiffs, 23KT Gold Collectibles, Ltd., respondent, 
v
Lefkowicz & Gottfried, LLP, appellant, et al., defendants.


Kaufman Dolowich & Voluck, LLP, New York, NY (Anthony J. Proscia, Kevin M. Mattessich, and Gino A. Zonghetti of counsel), for appellant.
Brian J. Davis, P.C., Garden City, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the defendant Lefkowicz & Gottfried, LLP, appeals from a judgment of the Supreme Court, Nassau County (John M. Galasso, J.), dated August 4, 2016. The judgment, upon a decision dated June 27, 2016, made after a nonjury trial, is in favor of the plaintiff 23KT Gold Collectibles, Ltd., and against the defendant Lefkowicz & Gottfried, LLP, in the principal sum of $1,675,000.
ORDERED that the judgment is affirmed, with costs.
23KT Gold Collectibles, Ltd. (hereinafter 23KT), and Merrick Mint, Ltd. (hereinafter Merrick), are affiliated designers and manufacturers of memorabilia and collectible coins. In 2008, 23KT entered into an agreement with Daily News, L.P. (hereinafter Daily News), in which the parties to the agreement agreed to develop and promote a coin club through which they would sell collectible coins and share profits. 23KT agreed to design and manufacture coins and coin sets, and Daily News agreed to provide 204 pages of advertising space to advertise the coins. The coins sold through the coin club would also be offered for sale on a website called "ecoins," which would be operated by 23KT. The agreement included an exclusivity clause providing that coin club products could not be advertised, marketed, sold, or offered for sale by 23KT or its affiliates, including Merrick, in any forum or media other than Daily News advertisements or ecoins. Products which were substantially similar, but not identical, to a coin club product could not be sold by 23KT, but were permitted to be sold by its affiliates, such as Merrick. The agreement permitted either party to terminate the agreement via written notice if the other party materially breached the agreement "and the breach is not remedied within thirty (30) days of the breaching party's receipt of written notice of the breach." The agreement specified that it was the entire agreement, that it could not be [*2]modified except in writing, and that a failure to exercise any right under the agreement did not operate as a waiver of that right.
By letter dated January 29, 2009, Daily News notified 23KT that it had materially breached the exclusivity provision of the agreement by marketing coin club products and similar products in the New York Post and on certain websites. The notice stated that the breaches were not capable of being remedied, and that the agreement would terminate on March 1, 2009. 23KT responded with a letter in which it disputed that a breach had occurred, and asserted that, in any event, Daily News was required to permit it to cure the alleged breaches. No agreement was reached on the issue of a cure, and 23KT retained the defendant Lefkowicz & Gottfried, LLP (hereinafter the defendant law firm), to commence an action, inter alia, to recover damages for breach of contract against Daily News. Daily News obtained summary judgment dismissing the first complaint filed on behalf of 23KT, a finding in its favor on liability on its counterclaims against 23KT due to discovery failures, and dismissal of the second complaint filed on behalf of 23KT based on the doctrine of res judicata. 23KT then retained another attorney, who negotiated a settlement in which the parties discontinued their claims and 23KT paid Daily News the sum of $20,000.
23KT and others then commenced this legal malpractice action against the defendant law firm and its principals. In an order dated August 4, 2014, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. However, in an order dated April 1, 2015, the court granted the plaintiffs' motion for leave to reargue the defendants' motion and, upon reargument, denied the defendants' motion. The matter proceeded to trial, after which the court determined that 23KT established its legal malpractice cause of action against the defendant law firm. Judgment was entered in favor of 23KT and against the defendant law firm in the principal sum of $1,675,000, representing the sum 23KT would have recovered from Daily News in the absence of the law firm's negligence, the sum spent to settle the matter with Daily News, and a return of the retainer paid to the defendant law firm. The defendant law firm appeals.
To establish a cause of action alleging legal malpractice, a plaintiff must show that (1) the attorney failed to exercise the care, skill and diligence commonly possessed and exercised by a member of the legal profession, (2) such negligence was the proximate cause of the actual damages sustained by the plaintiff, and (3) but for the defendant's negligence, the plaintiff would have prevailed in the underlying action or would not have incurred any damages (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442; McCoy v Feinman, 99 NY2d 295, 301-302; 4777 Food Servs. Corp. v Anthony P. Gallo, P.C., 150 AD3d 1054, 1055; Blanco v Polanco, 116 AD3d 892, 894).
Contrary to the defendant law firm's contention, the Supreme Court providently exercised its discretion in granting the plaintiffs' motion for leave to reargue the defendants' prior motion for summary judgment dismissing the complaint (see Grimm v Bailey, 105 AD3d 703) and, upon reargument, properly denied the defendants' motion. The defendants made a prima facie showing that any negligence on their part was not the but-for cause of 23KT's damages, since those damages resulted from 23KT's own breach of the exclusivity provision of the underlying agreement. However, in opposition to that prima facie showing, the plaintiffs raised triable issues of fact as to whether the exclusivity clause had been orally modified, whether there was "part performance that [was] unequivocally referable to the oral modification" (Parker v Navarra, 102 AD3d 935, 936; see Rose v Spa Realty Assoc., 42 NY2d 338, 343-344; Matter of Latin Events, LLC v Doley, 120 AD3d 501, 502; Luft v Luft, 52 AD3d 479, 481), and whether Daily News would have been estopped from denying that such a modification occurred (see Rose v Spa Realty Assoc., 42 NY2d at 344). Moreover, even if 23KT breached the exclusivity clause of its agreement with Daily News, there was [*3]a triable issue of fact as to whether Daily News breached the agreement by failing to permit 23KT an opportunity to cure its breach (see Rebh v Lake George Ventures, 223 AD2d 986, 986-987). Accordingly, the court properly determined that there were triable issues of fact as to whether the defendants' alleged negligence was the but-for cause of 23KT's damages.
In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds "warranted by the facts," bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; see Guzman v State of New York, 129 AD3d 775, 775-776; DePaula v State of New York, 82 AD3d 827, 827). "Where the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (Bennett v Atomic Prods. Corp., 132 AD3d 928, 930; see BNG Props., LLC v Sanborn, 153 AD3d 1221; Gomez v Eleni, LLC, 122 AD3d 797, 798).
Here, the Supreme Court determined that the defendant law firm was negligent in the underlying representation and that, but for such negligence, 23KT would have prevailed in the underlying litigation. On appeal, the defendant law firm challenges only the finding of but-for causation, arguing that 23KT was in breach of the exclusivity clause of the underlying agreement and therefore would not have prevailed in the underlying litigation, regardless of its alleged malpractice. The contention is without merit. The evidence at trial established that most of the alleged breaches listed in Daily News' January 29, 2009, breach notice were actually sales by Merrick of similar, but not identical, coins, which did not violate the exclusivity clause of the agreement. While certain identical coins were simultaneously offered for sale on Merrick's website and on ecoins, even if such duplication constituted a material breach of the agreement, giving due deference to the court's credibility determinations (see Gomez v Eleni, LLC, 122 AD3d at 798), 23KT established that Daily News breached the agreement by failing to comply with its obligation to permit 23KT the opportunity to cure prior to termination of the agreement (see Kalus v Prime Care Physicians, P.C., 20 AD3d 452, 454; Rebh v Lake George Ventures, 223 AD2d at 986-987). Accordingly, the determination that 23KT established that it would have prevailed in the underlying litigation but for the defendant law firm's negligence was warranted by the facts.
The defendant law firm's remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court