JOSHUA LOMBART, Appellant, v JOSHUA M. CHAMBERY et al., Defendants, and MARY CHAFFER, Respondent. [797 NYS2d 216]—

Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered May 17, 2004 in a personal injury action. The order, insofar as appealed from, granted that part of the motion of defendant Mary Chaffer for summary judgment dismissing the complaint against her.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when the vehicle in which he was a passenger slid off of the road and landed on its side in a ditch. The 19-year-old driver of the vehicle, defendant Joshua M. Chambery, was driving plaintiff home following a party hosted by defendant Robert Chaffer at the home of Robert's grandmother, Mary Chaffer (defendant), where alcoholic beverages were served. As against defendant, the complaint alleges negligent supervision and the violation of General Obligations Law § 11-100. Supreme Court properly granted that part of the motion of defendant for summary judgment dismissing the complaint against her.

With respect to the claim against defendant for negligent supervision, plaintiff alleges that she allowed her adult grandson to have a party at her home and she knew, or should have known, that alcohol was served to individuals under the legal

drinking age and that Chambery thereby became intoxicated. It is well settled, however, "that liability may be imposed only for injuries that occurred on defendant's property, or in an area under defendant's control, where defendant had the opportunity to supervise the intoxicated guest" (*D'Amico v Christie*, 71 NY2d 76, 85 [1987]). Defendant met her initial burden with respect to the claim for negligent supervision by submitting evidence establishing that the accident in which plaintiff was injured occurred miles away from her property, on a public road (*see Portaro v Gerber*, 217 AD2d 539, 541 [1995]; *Wright v Sunset Recreation*, 91 AD2d 701 [1982]; *Schirmer v Yost*, 60 AD2d 789 [1977]), and plaintiff failed to raise a triable issue of fact in response thereto (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

With respect to the claim against defendant for violation of General Obligations Law § 11-100, we conclude that defendant met her initial burden by submitting evidence establishing that she did not know that alcohol was served to individuals under the legal drinking age. The evidence submitted by plaintiff in response thereto established that defendant was, at most, "a passive participant who merely knew of the underage drinking and did nothing else to encourage it," and thus the General Obligations Law claim was properly dismissed against defendant (*Rust v Reyer*, 91 NY2d 355, 361 [1998]; *see also McGlynn v St. Andrew the Apostle Church*, 304 AD2d 372, 373 [2003], *lv denied* 100 NY2d 508 [2003]; *Lane v Barker*, 241 AD2d 739, 739-740 [1997]).

We have considered plaintiff's remaining contentions and conclude that they are without merit. Present—Scudder, J.P., Kehoe, Smith, Pine and Hayes, JJ.