■ VIVIAN MORENO et al., Respondents, v STEVEN WEINER et al., Appellants. [834 NYS2d 323]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Orange County (Owen, J.), dated April 5, 2006, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

On the afternoon of January 19, 2004, the infant plaintiff, who was 13 years old and had been having a "sleep over" with the defendants' daughter at the defendants' home, developed alcohol poisoning. Unbeknownst to the defendants, who, under the circumstances, had a duty to adequately supervise the infant plaintiff (see Zalak v Carroll, 15 NY2d 753, 754 [1965]; Appell v Mandel, 296 AD2d 514 [2002]), the infant plaintiff had consumed alcohol while in their home. Alleging that the defendants breached that duty, the infant plaintiff and her mother commenced the instant action against them seeking to recover damages for injuries that the infant plaintiff sustained as a result of the alcohol poisoning. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion. We reverse.

On their motion, the defendants demonstrated their entitlement to judgment as a matter of law by establishing that they did not breach their duty to adequately supervise the infant plaintiff. In this regard, they showed that the infant plaintiff, who acknowledged that she had never previously consumed alcohol in the defendants' home, had slept over approximately 10 times without incident. The defendants also showed that over the course of the instant sleep over, they checked on the infant plaintiff on five separate occasions, and that each time there was no indication that she had been drinking alcohol. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendants, who were not "insurer[s]" of the infant plaintiff's safety (Appell v Mandel, supra at 514), breached their duty of supervision (cf. Brennan v Sinski, 31 AD3d 1108, 1109 [2006]; Goldstein v Welter, 303 AD2d 551 [2003]; Mary A. ZZ. v Blasen, 284 AD2d 773, 775 [2001]). Accordingly, the Supreme Court should have granted the motion for summary judgment dismissing the complaint. Spolzino, J.P., Skelos, Covello and Balkin, JJ., concur.