GINA RUDDEN, Appellant-Respondent, v FRANCINE BERNSTEIN et al., Defendants, KAITLIN SMIRALDO et al., Respondents-Appellants, and DENNIS AVETA et al., Respondents. [878 NYS2d 373]—

In an action to recover damages for personal injuries, etc., the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated January 2, 2008, as granted that branch of the motion of the defendant Town of Islip which was for summary judgment dismissing the amended complaint insofar as asserted against it, granted that branch of the cross motion of the defendants Dennis Aveta and Debra Aveta which was for summary judgment dismissing the amended complaint insofar as asserted against them, and denied that branch of her cross motion which was for leave to amend the complaint, the defendant Kaitlin Smiraldo cross-appeals, as limited by her notice of cross appeal and brief, and the defendant Angie Westrack separately cross-appeals, from so much of the same order as denied those branches of their respective cross motions which were for summary judgment dismissing so much of the fourth cause of action as sought to recover compensatory damages and the fifth and ninth causes of action and all related cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the separate cross motions of the defendants Kaitlin Smiraldo and Angie Westrack which were for summary judgment dismissing so much of the

fourth cause of action as sought to recover compensatory damages and the fifth cause of action asserted by the plaintiff Gina Rudden, on behalf of the infant Bryan Rudden, and so much of the ninth cause of action as sought to recover damages for loss of services, and all related cross claims, and substituting therefor provisions granting those branches of the cross motions; as so modified, the order is affirmed insofar as appealed from and cross-appealed from, with one bill of costs to the defendants Dennis Aveta, Debra Aveta, and the Town of Islip, appearing separately and filing separate briefs, payable by the plaintiff.

The defendants Dennis Aveta and Debra Aveta (hereinafter the Avetas) hosted a birthday party for their daughter, Danielle, on the night of January 31, 2004, which was attended by 13- and 14-year old children, including the infant Bryan Rudden (hereinafter Bryan). The defendants Kaitlin Smiraldo and Angie Westrack provided vodka and rum for some of the underage party guests, who left the Avetas' residence and drank the alcohol in the school yard of a nearby elementary school. Bryan returned to the party drunk—tests would later show that he had a blood-alcohol level of .082%.

Debra Aveta testified at her deposition that she began to realize that a number of children at the party were intoxicated when they became sick. Parents arrived to take their children home, and one of the infant party guests told Debra Aveta that his ride was there. Debra Aveta saw a vehicle in the street; she saw five boys, including Bryan, heading towards the car. Bryan did not go home in the car: he and a friend started to walk home. It had snowed recently, and the road was plowed to a width of 14 feet. On the way home, Bryan was hit by a car and sustained serious injuries.

Bryan's mother, the plaintiff Gina Rudden, individually and on his behalf, commenced the instant action against, among others, the Avetas, the Town of Islip, Kaitlin Smiraldo, and Angie Westrack, to recover damages for his personal injuries, and for her loss of services and for medical expenses she incurred on his behalf. The cause of action against the Avetas was based on negligent supervision. The cause of action against the Town was based, inter alia, upon its failure to clear a wider path on the roadway. The causes of action against Smiraldo and Westrack were based on violation of General Obligations Law § 11-100 and common-law negligence.

The Avetas, the Town, Smiraldo, and Westrack all moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The plaintiff cross-

moved, among other things, for leave to amend the complaint to include an additional cause of action against the Avetas.

The Supreme Court denied those branches of Smiraldo's and Westrack's separate cross motions which were for summary judgment dismissing so much of the fourth cause of action as sought to recover compensatory damages and the fifth and ninth causes of action and all related cross claims insofar as asserted against them. The court granted the motions of the Town and the Avetas. In addition, the court denied that branch of the plaintiff's cross motion which was for leave to amend the complaint. The plaintiff Smiraldo and Westrack appeal.

The Supreme Court erred in denying those branches of Smiraldo's and Westrack's cross motions which were for summary judgment dismissing so much of the fourth cause of action as sought to recover compensatory damages and the fifth cause of action asserted by the plaintiff Gina Rudden on behalf of Bryan, and related cross claims, since Bryan cannot recover damages resulting from his own voluntary intoxication (*see Luczak v Town of Colonie*, 233 AD2d 691 [1996]). General Obligations Law § 11-100 provides for a right of civil recovery against a person who knowingly provides alcohol to a minor, but only for people injured by the actions of the intoxicated minor (*see Sheehy v Big Flats Community Day*, 73 NY2d 629, 635 [1989]). It does not provide a right of recovery for injuries suffered by intoxicated minors as a result of their own intoxication (*id.*; *McArdle v 123 Jackpot, Inc.*, 51 AD3d 743 [2008]; *Searley v Wegmans Food Mkts., Inc.*, 24 AD3d 1202 [2005]; *Etu v Cumberland Farms*, 148 AD2d 821 [1989]). Further, the plaintiff cannot recover pursuant to General Obligations Law § 11-100 for loss of services as alleged in the ninth cause of action (*see Valicenti v Valenze*, 68 NY2d 826, 829 [1986]; *McArdle v 123 Jackpot, Inc.*, 51 AD3d at 745). However, she can recover for medical expenses she incurred on behalf of the child, as asserted in the ninth cause of action (*see McArdle v 123 Jackpot, Inc.*, 51 AD3d at 745).

The Supreme Court properly granted that branch of the Avetas' motion which was for summary judgment dismissing the amended complaint insofar as asserted against them, since they did not provide their guests with alcohol, nor did it appear that alcohol was consumed on their premises, and the accident itself occurred after Bryan had left their property, apparently in the company of his friends and a responsible adult who was driving them home (*see Moreno v Weiner*, 39 AD3d 830 [2007]; *Lombart v Chambery*, 19 AD3d 1110 [2005]).

The Supreme Court also properly granted that branch of the

Town's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it. The parties do not dispute that the Town never received prior written notice of any failure to plow snow, as is required by section 47A-3 of the Code of the Town of Islip as a condition precedent to maintaining this action (*see Sommer v Town of Hempstead*, 271 AD2d 434 [2000]; *Cipriano v City of New York*, 96 AD2d 817 [1983]). Moreover, there is no evidence in the record to demonstrate that the Town affirmatively created a dangerous condition (*see Albanese v Town of Hempstead*, 176 AD2d 697 [1991]; *Buccellato v County of Nassau*, 158 AD2d 440 [1990]; *Kirschner v Town of Woodstock*, 146 AD2d 965 [1989]; *Radicello v Village of Spring Val.*, 115 AD2d 466 [1985]).

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's cross motion which was for leave to amend the complaint, since the proposed amendment was patently devoid of merit (*see Mackenzie v Croce*, 54 AD3d 825, 826 [2008]; *Lucido v Mancuso*, 49 AD3d 220, 222 [2008]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur. [*See* 2008 NY Slip Op 30068(U).]