MICHAEL AQUINO, Respondent-Appellant, v MICHAEL HIG-GINS, Defendant, and JOHN HIGGINS et al., Appellants-Respondents. [891 NYS2d 853]—

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained while he was a passenger in a vehicle that was driven by then 19-year-old defendant Michael Higgins and was owned by his parents (hereafter, defendant parents). We conclude that Supreme Court erred in denying that part of the motion of defendant parents seeking summary judgment dismissing the fourth cause of action, and we therefore modify the order and judgment by granting in its entirety their motion for summary judgment and dismissing the complaint against them. Plaintiff alleged in the fourth cause of action that defendant parents were negligent because they failed to ensure that plaintiff, who was a minor at the time of the accident, had a safe means of returning home from the party hosted by them, in light of their knowledge that alcohol had been consumed by guests at the party.

The record establishes that defendant parents permitted their daughter to host a party at their residence following a high school dinner dance and that defendant father expressly told his daughter that defendant parents would not permit any alcohol to be served. The record further establishes that defendant parents provided food, soda and water for the daughter's guests. Although defendant parents observed the guests arrive, they did not observe anyone take alcohol into the basement where the party was held. Defendant parents were not aware that there

was alcohol present at the party until defendant mother entered the basement at the end of the party and observed approximately 12 beer cans. Defendant father suspected that his son, defendant Michael Higgins, had been drinking, and he escorted his son to the son's bedroom and instructed the son to go to bed. Meanwhile, defendant mother asked the guests whether anyone needed a ride home, but no one accepted the offer. Defendant parents had each observed the guests after discovering the alcohol, and they each testified at their depositions that none of the guests appeared to be intoxicated. Plaintiff, however, presented the deposition testimony of other guests who testified that plaintiff appeared to be intoxicated. Defendant parents were unaware that their son had left the house to drive plaintiff and another person home until they were notified of the accident that is the subject of this action.

In denying that part of the motion seeking summary judgment dismissing the fourth cause of action, the court determined that there is an issue of fact whether defendant parents provided adequate supervision for the guests at their daughter's party. Plaintiff contended in opposition to that part of the motion that defendant parents were negligent in failing to ensure that the guests had adequate transportation home.

In order to establish a prima facie case of negligence against defendant parents, plaintiff must demonstrate that they owed a duty to him; that the duty was breached; and that he was injured as a result of that breach of duty (*see Mary A. ZZ. v Blasen*, 284 AD2d 773, 774 [2001]). We conclude that defendant parents met their initial burden of establishing that they were not negligent and that plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Although it is of course well established that a landowner may be liable for injuries caused by an intoxicated guest on the landowner's property, or in an area under the landowner's control (*see D'Amico v Christie*, 71 NY2d 76, 85 [1987]), here, plaintiff was injured in a vehicle driven by defendant son on a public road, 5 to 10 minutes from defendant parents' home (*see Lombart v Chambery*, 19 AD3d 1110, 1111 [2005]). In *Lombart*, the defendant grandmother permitted alcohol to be served to individuals under the legal drinking age, including the plaintiff, and we concluded that the claim against the defendant grandmother was properly dismissed inasmuch as the plaintiff was injured in an accident "miles away" from defendant's property (*id.*).

In a case involving a minor plaintiff, the Second Department determined that the defendants were not liable for injuries

sustained by the plaintiff, who was struck by a vehicle after leaving a party at the defendants' home (*Rudden v Bernstein*, 61 AD3d 736 [2009]). The party was attended by 13- and 14-year-old children who had consumed alcohol during the party on property that was near the defendants' property (*id.* at 738). The defendant parents in that case became aware that children were intoxicated before the children left the party. The Second Department noted, however, that the defendant parents did not serve alcohol and that the defendant mother observed the plaintiff and other children walk toward a vehicle parked on the roadway, when in fact the plaintiff and another child walked home, at which time the plaintiff was struck by a vehicle.

Although a person other than a parent has a duty to use reasonable care to protect an infant over whom that person has assumed temporary custody or control (*see Appell v Mandel*, 296 AD2d 514 [2002]), such a person is not an insurer of the safety of that infant (*see Moreno v Weiner*, 39 AD3d 830, 831 [2007], *lv denied* 9 NY3d 807 [2007]). Here, defendant parents reasonably believed that alcohol would not be served at the party (*cf. Lombart*, 19 AD3d at 1110-1111) and, upon discovering that alcohol had been served, observed the guests and believed that none of them was intoxicated (*cf. Rudden*, 61 AD3d at 737). Furthermore, defendant mother ascertained that none of the guests needed a ride home. Thus, we conclude that defendant parents satisfied their duty to provide adequate supervision for the guests at the party while the guests were under their control (*see generally id.* at 738; *Moreno*, 39 AD3d at 831). That duty does not extend to an area not within the control of defendant parents (*see Rudden*, 61 AD3d at 738; *Lombart*, 19 AD3d at 1111).

All concur except Green and Gorski, JJ., who dissent in part and vote to affirm in the following memorandum.

Green and Gorski, JJ. (dissenting in part). We respectfully dissent in part. Although we do not agree with the reasoning of Supreme Court in denying that part of the motion of defendant parents seeking summary judgment dismissing the fourth cause of action, we nevertheless agree with plaintiff that the court properly denied that part of the motion. In our view, there is an issue of fact with respect to the alleged negligence of defendant parents, i.e., whether they adequately ensured that plaintiff, who was a minor at the time of the accident, had a safe means of returning home from the party hosted by them, in light of their knowledge that alcohol had been consumed by guests at the party (*cf. Rudden v Bernstein*, 61 AD3d 736, 738 [2009]; *see generally Moreno v Weiner*, 39 AD3d 830 [2007]). In *Rudden*, a

case cited by the majority, the Second Department concluded that the defendant parents were not liable for the injuries sustained by a minor who attended a party at their home because, inter alia, the alcohol was not consumed on their premises and the accident occurred after the intoxicated minor "left their property, *apparently in the company of his friends and a responsible adult who was driving them home*" (*id.* at 738 [emphasis added]). Here, there is evidence in the record that a significant amount of alcohol had been brought to the party by 10 or more different guests, that the alcohol was consumed on the premises, that defendant parents became aware of the alcohol prior to plaintiff's departure from the party, and that plaintiff was visibly intoxicated when he left the premises after 1:00 A.M. Unlike in *Rudden*, however, defendant parents in this case did not observe plaintiff leave in the company of a responsible adult. Thus, contrary to the conclusion of the majority, we believe that under the facts of this case defendant parents had a duty of care to ensure that plaintiff had a safe means of transportation from their premises. We therefore would affirm. Present—Scudder, P.J., Hurlbutt, Green, Pine and Gorski, JJ.