JENNIFER D. MARTINO, Respondent, v MICHAEL A. STOLZMAN, Respondent, and MICHAEL OLIVER et al., Appellants. (Action No. 1.) JUDITH A. ROST, Respondent v MICHAEL A. STOLZMAN et al., Respondents, and MICHAEL OLIVER et al., Appellants. (Action No. 2.) [902 NYS2d 731]—

Appeals from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered March 18, 2009 in personal injury actions. The order denied the motion of defendants Michael Oliver and Susan Oliver seeking, inter alia, dismissal of the claim in action No. 1 and the cause of action against them in action No. 2 asserting a violation of General Obligations Law § 11-101.

It is hereby ordered that the order so appealed from is modified on the law by granting the motion in part and dismissing the claim in action No. 1 and the cause of action against defendants Michael Oliver and Susan Oliver in action No. 2 asserting the violation of General Obligations Law § 11-101 and as modified the order is affirmed without costs.

Memorandum: Action No. 1 was commenced by plaintiff Jennifer D. Martino, who is also a defendant in action No. 2, and action No. 2 was commenced by plaintiff Judith A. Rost. The plaintiff in each action seeks damages for injuries sustained as the result of an automobile accident that occurred shortly after midnight on January 1, 2007. Michael A. Stolzman, a defendant in each action, was leaving a party hosted by defendants Michael Oliver and Susan Oliver, also defendants in each action. It is undisputed that Stolzman backed his automobile, in which Rost was a passenger, out of the Olivers' driveway and into the path of an oncoming automobile operated by Martino and owned by Gina L. Avino, a defendant only in action No. 2. We conclude that Supreme Court erred in denying those parts of the Olivers' motion seeking dismissal of the claim in action No. 1 and the cause of action against the Olivers in action No. 2 asserting a violation of General Obligations Law § 11-101 for failure to state a cause of action (see CPLR 3211 [a] [7]). We therefore modify the order accordingly.

In determining a motion under CPLR 3211 (a) (7), "a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint . . . and the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one . . . Affidavits and other evidentiary material may also be considered to establish conclusively that plaintiff has no cause of action . . . Any facts

in the complaint and submissions in opposition to the motion to dismiss are accepted as true, and the benefit of every possible favorable inference is afforded to the plaintiff" (*Gibraltar Steel Corp. v Gibraltar Metal Processing*, 19 AD3d 1141, 1142 [2005] [internal quotation marks omitted]). General Obligations Law § 11-101 requires as a predicate for liability the commercial sale of alcohol for profit (*see D'Amico v Christie*, 71 NY2d 76, 84 [1987]) and, in applying the appropriate standard of review with respect to the Olivers' motion, we conclude that the Olivers established as a matter of law that they did not sell alcohol at the party hosted by them and thus had no expectation of pecuniary gain (*see generally id.*; *Casselberry v Dominick*, 143 AD2d 528, 529 [1988], *lv denied* 73 NY2d 706 [1989]).

We further conclude, however, that the court properly denied those parts of the Olivers' motion seeking summary judgment dismissing the claim in action No. 1 and the cause of action in action No. 2 asserting that the Olivers were negligent. "[I]t is fundamental that a duty of reasonable care owed by the tortfeasor . . . is elemental to any recovery in negligence . . . , and that foreseeability of injury does not determine the existence of duty. Whether a duty of care exists is a question of law to be determined by the courts, which have the responsibility, in fixing the orbit of duty, of limiting the legal consequences of wrongs to a controllable degree" (*Badou v New Jersey Tr. Rail Operations*, 221 AD2d 303, 304 [1995] [internal quotation marks and citation omitted]; *see Clementoni v Consolidated Rail Corp.*, 30 AD3d 986, 987 [2006], *affd* 8 NY3d 963 [2007]).

The Olivers correctly concede that they had a common-law duty as social hosts to control and supervise intoxicated guests on their property or in an area under their control (*see D'Amico*, 71 NY2d at 85; *Aquino v Higgins*, 68 AD3d 1650, 1651 [2009]), but they contend that they had no duty to prevent Stolzman from leaving their property prior to the accident because they were unaware that he was intoxicated. Nevertheless, the record establishes that Stolzman had a blood alcohol content of .14% following the accident, which is nearly twice the legal limit (*see* Vehicle and Traffic Law § 1192 [2]). We thus conclude on the record before us that there is an issue of fact whether the Olivers knew or should have known that Stolzman left the party in a dangerous state of intoxication. We also reject the contentions of the Olivers that the allegedly unsafe condition giving rise to the accident was not on property owned or maintained by them (*cf. Haymon v Pettit*, 9 NY3d 324, 328 [2007], *rearg denied* 10 NY3d 745 [2008]; *Galindo v Town of Clarkstown*, 2 NY3d 633, 636-637 [2004]), and that they had no duty to direct traffic from

their driveway, from which the view of oncoming traffic was obstructed (*cf. Lasek v Miller*, 306 AD2d 835 [2003]). The Olivers both had an opportunity to control or at least to guide Stolzman as he exited their driveway in his automobile and acknowledged that sightlines near the end of their driveway were limited at the time of the accident. Indeed, they acknowledged that they had in the past guided visitors through a dangerous portion of their driveway. Finally, we conclude that the remaining contention of the Olivers is without merit.

All concur except Smith and Peradotto, JJ., who dissent in part and vote to reverse in accordance with the following memorandum.

Smith and Peradotto, JJ. (dissenting in part). We respectfully dissent in part because we disagree with the majority's conclusion that there is an issue of fact with respect to the negligence of homeowners Michael Oliver and Susan Oliver, defendants in both actions. In our view, the Olivers established their entitlement to summary judgment as a matter of law with respect to negligence, inasmuch as they had no duty to prevent their guest, Michael A. Stolzman, a defendant in both actions, from leaving their house or to assist him in pulling out of their driveway in his vehicle. We therefore would reverse the order, grant the motion of the Olivers in its entirety and dismiss the complaint in action No. 1 against them and the amended complaint in action No. 2 against them.

"It is well established that before a defendant may be held liable for negligence it must be shown that the defendant owes a duty to the plaintiff . . . In the absence of duty, there is no breach and without a breach there is no liability" (*Pulka v Edelman*, 40 NY2d 781, 782 [1976], *rearg denied* 41 NY2d 901 [1977]). The majority relies on *D'Amico v Christie* (71 NY2d 76, 85 [1987]) for the proposition that the Olivers had a common-law duty as social hosts to control and supervise intoxicated guests on their property or in an area under their control. In this case, however, the accident occurred on a public highway, not on the Olivers' property (*see id.* at 86). Although the majority implies that the Olivers had a duty to prevent Stolzman from leaving their property if they were aware or should have been aware that he was intoxicated, the majority cites no authority for that novel proposition. In our view, requiring social hosts to prevent intoxicated guests from leaving their property would inappropriately expand the concept of duty. Indeed, as the Court of Appeals wrote in *D'Amico*, "[w]hile recognizing the moral desirability that drinking be controlled and supervised, we cannot create a new legal duty that would require [social

hosts] to respond in damages, as an insurer, for . . . injuries" sustained as a result of such drinking (id.).

We also cannot agree with the majority that the Olivers had a duty to warn Stolzman of the allegedly unsafe condition giving rise to the accident, i.e., the presence of vehicles parked on the roadway, or to guide or direct Stolzman out of their driveway. "An owner or occupier of land generally owes no duty to warn or protect others from a dangerous condition on adjacent property unless the owner created or contributed to such a condition" (Haymon v Pettit, 9 NY3d 324, 328 [2007], rearg denied 10 NY3d 745 [2008]). "The reason for such a rule is obvious—a person who lacks ownership or control of property cannot fairly be held accountable for injuries resulting from a hazard on the property" (Galindo v Town of Clarkstown, 2 NY3d 633, 636 [2004]). In this case, Stolzman's view of the roadway was allegedly obstructed by the presence of vehicles parked on the side of the roadway itself, and the Olivers had no ownership of or control over that property (see id.). As the Court of Appeals reasoned in Galindo (2 NY3d at 637), "it would create an 'unreasonably onerous' burden to require a landowner to evaluate and warn others about a danger caused by a condition existing on neighboring land."

The majority likewise cites no authority for its conclusion that, because Stolzman's view of oncoming traffic was allegedly obstructed, the Olivers had a duty to direct Stolzman as he exited their driveway. The fact that the Olivers were aware of the potential obstruction and had the "opportunity" to guide Stolzman as he exited their driveway does not create a duty on the part of the Olivers to do so. It is well established that "[f]oreseeability should not be confused with duty" (Pulka, 40 NY2d at 785; see also D'Amico, 71 NY2d at 87). In Pulka, the Court of Appeals held that the operators of a parking garage were not liable in negligence for an injury to a pedestrian struck by a car being driven out of the garage and across an adjacent sidewalk by a garage patron (40 NY2d at 781-782). Specifically, the Court concluded that evidence that garage patrons often drove their cars out of the garage and across the sidewalk without stopping did not impose a duty on the part of the garage to take measures to control the conduct of its patrons "for the protection of off-premises pedestrians" (id. at 783). As the Court wrote, "it must be stressed that not all relationships give rise to a duty. One should not be held legally responsible for the conduct of others merely because they are within our sight or environs. Neither should one be answerable merely because there are others whose activities are such as to cause one to

envision damages or injuries as a consequence of those activities" (*id.* at 785-786). Present—Martoche, J.P., Smith, Fahey, Peradotto and Green, JJ.