(November 15, 2011)

■ Jason C. Arango, Appellant, v Adrianna Vasquez et al., Respondents. [933 NYS2d 82]—

Approximately one week before his 17th birthday, the plaintiff allegedly was injured when he was struck in the eye by a BB-gun pellet. At the time of the incident, he was visiting the home of his aunt, the defendant Adrianna Vasquez, and his uncle, Julio Vasquez (hereinafter together the Vasquezes), located in Jefferson Valley (hereinafter the subject premises). The plaintiff had arrived at the subject premises the previous day to celebrate his cousin's 18th birthday. Along with some other party guests, he stayed overnight. During the afternoon of September 18, 2005, the plaintiff, his cousin, and several others, all 16 years of age or older, left the subject premises with BB guns and walked into the woods. While the plaintiff was sitting on a rock, a BB-gun pellet accidentally discharged from someone else's BB gun, ricocheted off a tree, and struck the plaintiff in the eye.

In September 2008 the plaintiff commenced this negligence action against his aunt, Adrianna Vasquez, and George Lambert, the Public Administrator of Westchester County, inasmuch as his uncle, Julio Vasquez, had died prior to the commencement of the action. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. We affirm.

To hold a defendant liable in negligence, it must be determined

that the alleged tortfeasor owed the injured party a duty of care and, if so, that that duty was breached (*see Neidhart v K.T. Brake & Spring Co.*, 55 AD3d 887, 889 [2008]). "The existence and scope of an alleged tortfeasor's duty is, in the first instance, a legal question for determination by the court" (*Demshick v Community Hous. Mgt. Corp.*, 34 AD3d 518, 520 [2006]; *see Anand v Kapoor*, 61 AD3d 787, 792 [2009], *affd* 15 NY3d 946 [2010]). In making such a determination, the court must consider the reasonable expectations of the parties and society generally because the scope of any duty of care varies with the foreseeability of the possible harm (*see Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10 [2d Dept 2011]). "Foreseeability does not define duty; it merely determines the scope of the duty once a duty is found to exist" (*Demshick v Community Hous. Mgt. Corp.*, 34 AD3d at 520). Courts are generally reluctant to extend liability to a defendant for failing to control the conduct of others, but a court may do so where it finds that the defendant had actual control over the third person's actions (*see Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222, 233 [2001]).

Here, the defendants concede that the Vasquezes had a duty to supervise the plaintiff who, at the time of the incident, was a minor under their care (*see Appell v Mandel*, 296 AD2d 514 [2002]). The degree of supervision, however, depends on the surrounding circumstances and, in general, younger children require closer oversight that older children (*see Phelps v Boy Scouts of Am.*, 305 AD2d 335, 335-336 [2003]). On their motion, the defendants demonstrated their entitlement to judgment as a matter of law by establishing that the Vasquezes did not breach their duty to adequately supervise the plaintiff or his companions. The scope of the Vasquezes' duty to the plaintiff did not extend to controlling him or his companions, as they were not insurers of their safety (*see Moreno v Weiner*, 39 AD3d 830 [2007]). On the date of the incident, the plaintiff and his companions were all 16 years of age or older when they left the subject premises to engage in a voluntary activity (*see Rudden v Bernstein*, 61 AD3d 736 [2009]; *Jarvis v Eastman*, 202 AD2d 826 [1994]), it was not unlawful for them to possess BB guns (*see* Penal Law § 265.05), and it was not reasonably foreseeable that a BB gun would accidentally discharge a pellet which would then ricochet off a tree and strike the plaintiff in the eye. The plaintiff's remaining contentions either are without merit or have been rendered academic by our determination. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Dillon, Sgroi and Miller, JJ., concur.