[964 NE2d 399, 941 NYS2d 28]

JENNIFER D. MARTINO, Respondent, v MICHAEL A. STOLZMAN, Respondent, and MICHAEL OLIVER et al., Appellants. (Action No. 1.)

JUDITH A. ROST, Respondent, v MICHAEL A. STOLZMAN et al., Respondents, and MICHAEL OLIVER et al., Appellants. (Action No. 2.)

Argued January 9, 2012; decided February 16, 2012

### APPEARANCES OF COUNSEL

*Hagelin Kent LLC*, Buffalo (*Victor M. Wright* of counsel), for appellants in the first and second above-entitled actions.

*Chiacchia & Fleming LLP*, Hamburg (*Lisa A. Poch, Sarah P. Rera* and *Daniel J. Chiacchia* of counsel), for Jennifer D. Martino, respondent in the first above-entitled action.

*Kenney Shelton Liptak Nowak LLP*, Buffalo (*Amanda L. Machacek* of counsel), for Michael A. Stolzman, respondent in the first and second above-entitled actions.

*Lipsitz Green Scime Cambria LLP*, Buffalo (*John A. Collins* of counsel), for Judith A. Rost, respondent in the second above-entitled action.

*Barth Sullivan Behr*, Buffalo (*Sarah P. Rera* of counsel), for Gina L. Avino and another, respondents in the second above-entitled action.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division, insofar as appealed from, should be reversed, with costs, the Oliver defendants' motion for summary judgment granted, the complaint in action No. 1 and the amended complaint in action No. 2 dismissed against them, and the certified question answered in the negative.

On the evening of December 31, 2006 and into January 1, 2007, Michael and Susan Oliver (the Olivers) hosted a New Year's Eve party at their home in Gasport, New York. Michael Stolzman, and his friend, Judith Rost, attended the party and consumed alcohol. At approximately 12:30 A.M., Stolzman left the party and got into his truck, with Rost in the passenger seat. Stolzman backed his truck out of the Olivers' driveway onto the main road and collided with an oncoming vehicle driven by Jennifer Martino. Martino sustained severe injuries, including a dislocated ankle and leg fractures. Rost also suffered severe injuries, including fractures of her hip, pelvis, and spine, an amputated finger, and herniated discs. Following the accident, a test revealed that Stolzman had a blood alcohol content of .14%, nearly twice the legal limit. He later pleaded guilty to driving while intoxicated (*see* Vehicle and Traffic Law § 1192 [3]).

Martino and Rost commenced separate actions against various defendants including the Olivers alleging, as relevant here, claims for a violation of the Dram Shop Act (General Obligations Law § 11-101) and common-law negligence. Essentially, Martino and Rost allege in their respective complaints that the Olivers served Stolzman an unreasonable amount of alcohol rendering him intoxicated and failed to control Stolzman while he was on their property. Martino and Rost also allege that the Olivers had a duty to warn Stolzman that, as he exited their driveway, vehicles parked on the road adjacent to the driveway may obstruct the view.

The Olivers filed one motion as to both actions, seeking dismissal of the Dram Shop Act claims and summary judgment as to the common-law negligence claims. Supreme Court denied the Olivers' motion in its entirety. The Olivers appealed the order, and the parties agreed to consolidate the appeals and have them perfected in one record.

The Appellate Division, with two Justices dissenting in part, modified the order by granting the Olivers' motion to dismiss the Dram Shop Act claims in both actions, and as so modified, affirmed (*see Martino v Stolzman*, 74 AD3d 1764, 1765 [4th Dept 2010]). In affirming Supreme Court's denial of the Olivers' motion for summary judgment as to the common-law negligence claims, the majority concluded that "there is an issue of fact whether the Olivers knew or should have known that Stolzman left the party in a dangerous state of intoxication" (*id.* at 1766). The majority also opined that "[t]he Olivers

both had an opportunity to control or at least to guide Stolzman as he exited their driveway," observing that the Olivers had "acknowledged that sightlines near the end of their driveway were limited at the time of the accident" (*id.* at 1767).

The dissenting Justices would have granted the Olivers' motion for summary judgment as to the common-law negligence claims (*see id.*). The dissenters concluded that the Olivers had no duty to prevent Stolzman "from leaving their house or to assist him in pulling out of their driveway in his vehicle" (*id.*).

The same panel of the Appellate Division granted the Olivers' motion for leave to appeal to this Court (*see Martino v Stolzman*, 79 AD3d 1832 [4th Dept 2010]), and certified this question: "Was the order of this Court entered June 11, 2010 properly made?" We now reverse and answer the certified question in the negative.

It has long been the rule in New York that "[l]andowners in general have a duty to act in a reasonable manner to prevent harm to those on their property" (*D'Amico v Christie*, 71 NY2d 76, 85 [1987]). "In particular, they have a duty to control the conduct of third persons on their premises when they have the opportunity to control such persons" (*id.*). Here, the Olivers were no longer in a position to control Stolzman when he entered his vehicle and drove away. Furthermore, we agree with the dissenting Justices at the Appellate Division that "requiring social hosts to prevent intoxicated guests from leaving their property would inappropriately expand the concept of duty" (*Martino*, 74 AD3d at 1767).

We also conclude that the Olivers had no duty to assist Stolzman as he pulled out of their driveway, or otherwise warn him that vehicles parked along the road next to the driveway may obstruct the view when exiting. Of course, "a landowner's duty to warn of a latent, dangerous condition on his property is a natural counterpart to his duty to maintain his property in a reasonably safe condition" (*Galindo v Town of Clarkstown*, 2 NY3d 633, 636 [2004]). In this case, the vehicles parked adjacent to the Olivers' driveway did not create a latent or dangerous condition on the Olivers' property. That the Olivers may have been aware of this potential obstruction did not create a duty on their part to assist or warn Stolzman (*see Pulka v Edelman*, 40 NY2d 781, 785 [1976], *rearg denied* 41 NY2d 901 [1977] ["(f)oreseeability should not be confused with duty"]).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order, insofar as appealed from, reversed, etc.