(July 8, 2015)

■ DANIELLE ALOTTA, an Infant, by Her Parent and Natural Guardian, DANIEL ALOTTA, et al., Appellants, v ANTONIO M. DIAZ et al., Defendants, and JOANNE WILLIAMS, Respondent. [11 NYS3d 868]—

---

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated April 28, 2014, as granted those branches of the defendant Joanne Williams's motion which were for summary judgment dismissing the third and fourth causes of action insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

"A person, other than a parent, who undertakes to control, care for, or supervise an infant, is required to use reasonable care to protect the infant over whom he or she has assumed temporary custody or control. Such a person may be liable for any injury sustained by the infant which was proximately caused by his or her negligence. While a person caring for entrusted children is not cast in the role of an insurer, such an individual is obliged to provide adequate supervision and may be held liable for foreseeable injuries proximately resulting from the negligent failure to do so" (*Appell v Mandel*, 296 AD2d 514, 514 [2002]; *see Zalak v Carroll*, 15 NY2d 753, 754 [1965]; *Atehortua v Lewin*, 90 AD3d 794, 795 [2011]; *Moreno v Weiner*, 39 AD3d 830 [2007]). Here, in support of her motion for summary judgment, the defendant Joanne Williams submitted evidence sufficient to establish, prima facie, that under the circumstances, she adequately supervised the infant plaintiff (*see Moreno v Weiner*, 39 AD3d 830, 831 [2007]).

In opposition, the plaintiffs failed to raise a triable issue of fact. Although the plaintiffs contend that the infant plaintiff suffered from amnesia as a result of the subject accident and, thus, they are not held to as high of a degree of proof (*see Noseworthy v City of New York*, 298 NY 76, 80 [1948]), the plaintiffs are not relieved of the obligation to provide some proof from which negligence can reasonably be inferred (*see Santiago v Quattrociocchi*, 91 AD3d 747, 748 [2012]; *DeLuca v Cerda*, 60 AD3d 721, 722 [2009]). Here, the plaintiffs failed to provide any evidence from which one could reasonably infer that Williams was negligent (*see Aguilar v Anthony*, 80 AD3d 544, 546 [2011]). Further, the plaintiffs and Williams had equal access to knowledge of the events which allegedly caused the infant plaintiff's injuries (*see Weinstein v Nicolosi*, 117 AD3d 1036, 1037 [2014]; *Yefet v Shalmoni*, 81 AD3d 637 [2011]).

Accordingly, the Supreme Court properly granted those branches of Williams's motion which were for summary judgment dismissing the third and fourth causes of action insofar as asserted against her. Rivera, J.P., Dickerson, Miller and Duffy, JJ., concur.