Hayes v County of Suffolk (2023 NY Slip Op 06728)

Hayes v County of Suffolk

2023 NY Slip Op 06728

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2019-12840
 (Index No. 37156/12)

[*1]Macarol Hayes, et al., appellants,
v
County of Suffolk, et al., respondents, et al., defendants.

Parker Waichman LLP, Port Washington, NY (Jay L. T. Breakstone, Alex Tovstolug, and Stephenie L. Bross of counsel), for appellants.
Law Offices of Curtis, Vasile, Mehary & Dorry, P.C., Merrick, NY (Melissa L. Johnston of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated September 5, 2019. The order granted that branch of the motion of the defendants County of Suffolk, Town of Huntington, and Marcos Quijano which was for summary judgment dismissing the cause of action sounding in vehicular negligence insofar as asserted against them.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be a notice of appeal by the plaintiffs (see CPLR 2001; Matter of Tagliaferri v Weiler, 1 NY3d 605); and it is further,
ORDERED that the order is affirmed, with costs.
In November 2011, the plaintiff Macarol Hayes (hereinafter the injured plaintiff) was operating a United States Postal Service vehicle in the course of his employment when the vehicle that the plaintiff was operating came into contact with the rear of a Huntington Area Rapid Transit (hereinafter HART) bus, which was stopped partially in the shoulder area on Pigeon Hill Road in the Town of Huntington, so as to allow a passenger to exit. At the time of the accident, the bus was owned by the defendant Town of Huntington and operated by the defendant Marcos Quijano.
At his deposition, Quijano testified that the HART bus route on which he was operating the bus did not have designated bus stops, and that the bus generally stopped at corners. However, HART bus procedures permitted drivers to make stops anywhere along the route that the driver deems to be a "safe place to stop." At the time of the accident, Quijano was driving north on Pigeon Hill Road and was passing a library located on the southbound side of the road. Although Quijano would usually stop the bus at the library, he did not do so since there were school buses stopped there. After an elderly passenger notified Quijano that he wanted to go to the library, Quijano stopped the bus on the northbound side of Pigeon Hill Road, approximately 75 feet from where the elderly passenger asked Quijano to stop the bus. While stopping, Quijano activated the bus's right turn signal and pulled off the road to the right onto a shoulder area adjoining a driveway. [*2]He testified that the area into which he pulled the bus was not a designated HART bus stop, but was a designated school bus stop. Once Quijano had pulled over the bus, approximately three fourths of the bus was in the shoulder area, with the remaining one fourth of the bus in the roadway. The bus remained stopped for approximately three minutes, during which time the bus's four-way emergency flashers and parking brake were activated. After the elderly passenger had exited the bus, but before Quijano could close the bus doors, Quijano felt a "very hard" impact to the rear of the bus. When he exited the bus to investigate, he observed the postal vehicle driven by the injured plaintiff up against the rear right bumper of the bus.
At his deposition, the injured plaintiff testified that he did not remember how the accident occurred.
The injured plaintiff, and his wife suing derivatively, commenced the instant action, inter alia, to recover damages for personal injuries against, among others, the defendants County of Suffolk, Town of Huntington, and Quijano (hereinafter collectively the defendants). Subsequently, the defendants moved, among other things, for summary judgment dismissing the cause of action sounding in vehicular negligence insofar as asserted against them. In an order dated September 5, 2019, the Supreme Court granted that branch of the defendants' motion. The plaintiffs appeal.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see McPhaul-Guerrier v Leppla, 201 AD3d 920, 921; Richardson v Cablevision Sys. Corp., 173 AD3d 1083, 1084). There can be more than one proximate cause of an accident (see Cox v Nunez, 23 AD3d 427, 427), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; see Howard v Poseidon Pools, 72 NY2d 972, 974). However, the issue of proximate cause "may be decided as a matter of law where only one conclusion may be drawn from the facts" (Nesbitt v Gallant, 149 AD3d 763, 764; see Kalland v Hungry Harbor Assoc., LLC, 84 AD3d at 889). "[L]iability may not be imposed upon a party who 'merely furnished the condition or occasion for the occurrence of the event' but was not one of its causes" (Shatz v Kutshers Country Club, 247 AD2d 375, 375, quoting Sheehan v City of New York, 40 NY2d 496, 503; see Hain v Jamison, 28 NY3d 524, 529-530).
When the driver of a vehicle approaches another vehicle from the rear, he or she is bound to maintain a reasonably safe distance, rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle (see Vehicle and Traffic Law § 1129[a]; Genao v Cassetta, 214 AD3d 626, 627; Quintanilla v Mark, 210 AD3d 713, 713). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Martin v PTM Mgt. Corp., 214 AD3d 782, 782-783).
Contrary to the plaintiffs' contention, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action sounding in vehicular negligence insofar as asserted against them. The defendants' submissions, which included a transcript of Quijano's deposition testimony, demonstrated that any negligence on the part of Quijano in how he positioned the bus to allow the passenger to exit merely furnished the condition for the accident, and was not a proximate cause of the accident (see Sheehan v City of New York, 40 NY2d 496; Peralta v Manzo, 74 AD3d 1307; Haylett v New York City Tr. Auth., 251 AD2d 373; Gleason v Reynolds Leasing Corp., 227 AD2d 375; cf. Fitzgerald v New York City Tr. Auth., 2 AD3d 577).
In opposition, the plaintiffs failed to raise a triable issue of fact. Although the Noseworthy doctrine (see Noseworthy v City of New York, 298 NY 76) is applicable here to impose a lighter burden of persuasion on the plaintiffs, the plaintiffs failed to provide any evidence from which one could reasonably infer that Quijano was negligent in the happening of the subject accident (see Baterna v Maimonides Med. Ctr., 139 AD3d 653, 653-654; Alotta v Diaz, 130 AD3d 660, 661; [*3]Aguilar v Anthony, 80 AD3d 544, 546). Specifically, the report of the plaintiffs' expert engineer was speculative and conclusory (see Santiago v Quattrociocchi, 91 AD3d 747, 748; Dubi v Jericho Fire Dist., 22 AD3d 631, 632).
The plaintiffs' remaining contentions are either improperly raised for the first time on appeal or not properly before this Court.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action sounding in vehicular negligence insofar as asserted against them.
IANNACCI, J.P., WOOTEN, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court