Sahadeo v Gangaram (2026 NY Slip Op 00923)

Sahadeo v Gangaram

2026 NY Slip Op 00923

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2024-05416
 (Index No. 715108/22)

[*1]Preeya R. Sahadeo, etc., et al., plaintiffs-respondents,
vErrol Gangaram, defendant-respondent, Jofaz Transportation, Inc., et al., appellants.

Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Nicholas Hurzeler of counsel), for appellants.
Carman, Callahan & Ingham, LLP, Farmingdale, NY (Kayla Buzzeo, Lauren M. Mazzara, and Anne O'Brien of counsel), for defendant-respondent.
Mallilo & Grossman, Flushing, NY (John S. Manessis of counsel), for plaintiffs-respondents.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendants Jofaz Transportation, Inc., Anthony Haddaway, sued herein as John Doe, City of New York, and New York City Department of Education appeal from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), dated May 10, 2024. The order denied those defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
ORDERED that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion of the defendants Jofaz Transportation, Inc., Anthony Haddaway, sued herein as John Doe, City of New York, and New York City Department of Education for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them is granted.
On December 19, 2011, the infant plaintiff was crossing 103rd Avenue in Queens to board a school bus operated by Anthony Haddaway (hereinafter the bus driver), when a vehicle operated by the defendant Errol Gangaram pulled out from behind the bus, into the oncoming lane of traffic, and struck her. Thereafter, Gangaram was convicted of assault in the second degree, leaving the scene of an incident without reporting, failure to stop at a steady red signal, unsafe lane change, reckless driving, aggravated unlicensed operation of a motor vehicle in the third degree, and overtaking a school bus (see People v Gangaram, 132 AD3d 776).
The infant plaintiff, by her mother and natural guardian, commenced separate actions, which were subsequently consolidated, against the defendants Jofaz Transportation Inc., the bus driver, sued herein as John Doe, City of New York, and New York City Department of Education (hereinafter collectively the bus defendants) and Gangaram to recover damages for personal injuries. Gangaram interposed an answer, asserting cross-claims against the bus defendants seeking contribution on the ground that their negligence contributed to the infant plaintiff's injuries.
Following discovery, the bus defendants moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. In an order dated May 10, 2024, the Supreme Court denied the motion. The bus defendants appeal.
Defendants moving for summary judgment in a personal injury action may satisfy their initial burden by demonstrating, prima facie, that their conduct was not a proximate cause of the accident (see Bender v East End Bus Lines, Inc., 237 AD3d 1019; Lewinski v City of New York, 229 AD3d 456, 457). "Since there can be more than one proximate cause of a plaintiff's injuries, the defendants do not carry their burden simply by establishing that another party's actions were a proximate cause; they must establish their own freedom from comparative fault as a matter of law" (Bender v East End Bus Lines, Inc., 237 AD3d at 1020-1021; see Hayes v County of Suffolk, 222 AD3d 950, 952).
Vehicle and Traffic Law § 1174(b) "requires a school bus driver to instruct a child who needs to cross the street that he or she must cross in the front of the bus, and to keep the school bus stopped with red signal lights flashing until the child has reached the other side of the street" when receiving or discharging schoolchildren (Begley v City of New York, 111 AD3d 5, 23-24). Contrary to the plaintiffs' contention, the bus defendants' submissions, including the transcripts of the depositions of the infant plaintiff's mother, the bus driver, and Gangaram and excerpts of transcripts of testimony from the criminal trial of Gangaram, established that the bus defendants complied with Vehicle and Traffic Law § 1174(b) and that their conduct was not a proximate cause of the accident. The testimony established that the bus driver stopped the bus at the designated stop, activated the flashing red lights, extended the stop sign, and did not move from that position until after the accident.
In opposition, the plaintiffs and Gangaram failed to raise a triable issue of fact. The opinion of the plaintiffs' expert that the bus stop was at an unsafe location was conclusory in nature, and the location of the bus merely furnished the condition for the accident and was not a proximate cause of the accident (see Hayes v County of Suffolk, 222 AD3d 950, 953).
Accordingly, the Supreme Court should have granted the bus defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
BARROS, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court